UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Brandon Christian, ) | Civil Action No.: 5:23-cv-06889-RBH |
| *a/k/a Brandon Jabar Christian* ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Warden Nelson, ) | |
| ) | |
| Respondent. ) | |
| ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends dismissing Petitioner's 28 U.S.C. § 2254 petition without prejudice and denying Petitioner's Motion to Vacate Sentence and Amended Motion to Vacate Sentence.[1]  *See* ECF Nos. 1, 2, 18, & 24.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

However, the Court need not conduct a de novo review when a party makes only "general

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.).

and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R&R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983).

## Discussion

The Magistrate Judge recommends dismissing the petition because it is an unauthorized successive petition. *See* ECF No. 24. Petitioner previously filed a petition in this Court pursuant to 28 U.S.C. § 2254. *See Christian v. Warden of Kershaw Correctional Institution*, No. 8:16-cv-3252-RBH. That petition was ultimately dismissed with prejudice for failure to prosecute pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. *See id.* The R&R noted that § 2244 provides that in some circumstances a petitioner may bring a second or successive § 2254 action, but only if the court of appeals authorizes a successive petition. *See* ECF No. 24 at pp. 6–8.

Instead of filing objections to the R&R, Petitioner filed a "Motion to hold case until the Fourth Circuit Court of Appeals Authorization is Granted or Denied." ECF No. 29. In that motion, Petitioner indicated he sought authorization from the Fourth Circuit. *See id.* By order filed March 18, 2024, the Fourth Circuit denied Petitioner's "motion under 28 U.S.C. § 2244 for an order authorizing the district court to consider a second or successive application for relief under 28 U.S.C. § 2254." *See* ECF No. 35.

Based on the foregoing, this Court agrees with the Magistrate Judge that Petitioner's instant § 2254 petition is successive. Consequently, the Court lacks jurisdiction over the petition and must

dismiss it. *See Easter v. Johnson*, 107 F.App'x 348, 349 (4th Cir. 2004)("In the absence of pre-filing authorization, the district court is without jurisdiction to entertain the successive petition.").

Petitioner's Motion to Vacate Sentence is framed as a motion pursuant to Rule 60(b) of the Federal Rules of Civil Procedure and his Amended Motion to Vacate Sentence seeks to amend/add to the Motion to Vacate Sentence. *See* ECF Nos. 2 & 18. In these motions, Petitioner asks this Court to vacate his sentence and release him from incarceration. However, these motions are properly construed as successive § 2254 petitions that expound upon the arguments made in his § 2254 petition in this case. *See United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003)("A motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider."). *See also id.* at 206 ("[D]istrict courts must treat [Rule 60 motions] as successive collateral review applications when failing to do so would allow the applicant to evade the bar against relitigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application.") Petitioner's motions do not allege defects in the collateral review process but make the same arguments raised in the petition in this case. Thus, as with the petition, this Court lacks jurisdiction to consdier the merits of the claims raised in Petitioner's pending motions because he has not received authorization for this Court to consider a second or successive application. These motions [ECF Nos. 2 & 18] are denied.

### Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability will not issue absent "a substantial showing of the denial of a

3

constitutional right." 28 U.S.C. § 2253(c)(2).  When the district court denies relief on the merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right.  *Slack* 529 U.S. at 484–85.  In this case, the Court concludes that Petitioner has failed to make the requisite showing of "the denial of a constitutional right."

## Conclusion

For the foregoing reasons, this Court adopts and incorporates by reference the Magistrate Judge's R&R.  ECF No. 24.  Accordingly the Court **DISMISSES** Petitioner's § 2254 petition *without prejudice* and without requiring Respondent to file an answer or return.  The Court **DENIES** Petitioner's Motions to Vacate Sentence.  ECF Nos. 2 & 18.  The Court also **DENIES** a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right.

**IT IS SO ORDERED.**

Florence, South Carolina                                    s/ R. Bryan Harwell
May 22, 2024                                                       R. Bryan Harwell
                                                                              Chief United States District Judge